**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jemma Hartranft, | No. CV-25-04605-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Gregory Hartranft, | |
| Defendant. | |

Before the Court is Plaintiff's Motion for Alternative Service (Doc. 5). The Court will deny the Motion without prejudice.

**I.**

Plaintiff represents that she attempted service on Defendant at his last known residential address and his place of business on two occasions, without success. (Doc. 5 at 2.) Plaintiff further represents that Defendant is aware of this action because he contacted Plaintiff's counsel after the Complaint was filed. (*Id.*) Plaintiff therefore asks the Court to either deem service waived or authorize service by alternative means pursuant to Federal Rule of Civil Procedure 4(e) and Arizona Rule of Civil Procedure 4.1(d) and (k). (*Id.* at 1.)

**II.**

Federal Rule of Civil Procedure 4(e) permits service on an individual within a judicial district of the United States by either (1) following state law for service in the state "where the district court is located or where service is made," or (2) delivering the summons and complaint personally, leaving copies at the individual's dwelling with a

person of suitable age and discretion who resides there, or delivering copies to an authorized agent.

Arizona Rule of Civil Procedure 4.1(d) mirrors these traditional methods of service. Rule 4.1(k), however, permits service by alternative means if the movant shows that service under Rules 4.1(c) through (j) is "impracticable." If alternative service is authorized, the serving party must make reasonable efforts to provide actual notice and must mail the summons, complaint, and authorizing order to the defendant's last-known residential or business address. Fed R. Civ. P. 4.1 (k).

Although "impracticable" does not require a complete inability to serve a defendant—and is a lesser showing than the "due diligence" required for service by publication—it nevertheless requires more than minimal or conclusory efforts. *See Blair v. Burgener*, 226 Ariz. 213, 218-19 (App. 2010) The movant must demonstrate that traditional service has proven "extremely difficult or inconvenient" despite reasonable efforts. *Id.* at 218.

### III.

On this record, Plaintiff has not demonstrated that service by traditional means is impracticable. Plaintiff reports only two attempts at service at the purported residential and business addresses. The Motion does not include a sworn affidavit from a process server detailing the timing, manner, and circumstances of those attempts. Nor does Plaintiff explain how she determined that these addresses are Defendant's current residence and place of business. The limited attachments provided—consisting of email notices indicating that a resident did not recognize Defendant's name and that a neighbor did not recognize the name—are insufficient to establish impracticability. (Docs. 5-2, 5-3.)

Plaintiff also asserts that Defendant has actual knowledge of the lawsuit because he contacted counsel. However, this representation is unsupported by affidavit or other evidence. On the present record, the Court cannot determine the nature or extent of that alleged contact.

While the standard for impracticability is not especially demanding, it requires more

than two unsuccessful attempts and unsupported representations. *See, e.g., Joe Hand Promotions, Inc. v. Vortez LLC*, No. CV-25-01821-PHX-DWL, 2025 WL 3496186, at *3 (D. Ariz. Dec. 5, 2025) (denying alternative service where the plaintiff failed to sufficiently explain how it determined the defendant's address and failed to establish impracticability despite submitting evidentiary materials).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Alternative Service (Doc. 5) is **denied** without prejudice.

Dated this 25th day of February, 2026.

Michael T. Liburdi
United States District Judge

- 3 -