**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jemma Hartranft, | No. CV-25-04605-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Gregory Hartranft, | |
| Defendant. | |

Before the Court is Plaintiff's renewed Motion for Alternative Service. (Doc. 8.) The Court will deny the Motion.

**I.**

On February 10, 2026, Plaintiff filed a Motion for Service by Alternative Means. (Doc. 5.) Plaintiff represented that she attempted service on Defendant at his last known residential address and his place of business on two occasions, without success. (*Id.* at 2.) Plaintiff asserted that further attempts at personal service under Federal Rule of Civil Procedure 4.1(d) were impracticable and asked the Court to either deem service waived or authorize service by alternative means pursuant to Rule 4(e) and Rule 4.1(d) and (k). (*Id.* at 1-2.)

On February 25, 2026, this Court denied the Motion without prejudice, finding that because of a lack of sufficient supporting information, "Plaintiff ha[d] not demonstrated that service by traditional means [was] impracticable." (Doc. 6 at 2.) On March 12, 2026, the Court ordered Plaintiff to file proof of service of the Complaint or show good cause in

writing for failure to timely serve Defendant and that failure to do so would result in this action being dismissed with prejudice. (Doc. 7.) On March 19, 2026, Plaintiff filed the present renewed Motion. (Doc. 8.)

## II.

As this Court previously stated, although "impracticable" does not require a complete inability to serve a defendant—and is a lesser showing than the "due diligence" required for service by publication—it nevertheless requires more than minimal or conclusory efforts. *See Blair v. Burgener*, 226 Ariz. 213, 218-19 (App. 2010). The movant must demonstrate that traditional service has proven "extremely difficult or inconvenient" despite reasonable efforts. *Id.* at 218.

In this renewed Motion, Plaintiff has still not demonstrated that service by traditional means is impracticable. Plaintiff has not made any changes to the text of her Motion beyond a superficial change to the date. (Docs. 5, 8.) Although Plaintiff has now provided a sworn affidavit explaining how she determined Defendant's addresses (Doc. 8-1), she still reports only two attempts at service at those addresses. (Docs. 5 at ¶ 3; 8 at ¶ 3.) And while this Motion now includes a proof of service from a process server which includes the time, manner, and circumstance of the attempted service at Defendant's place of business, it is limited in its description of those circumstances. (Doc. 8-3.)

In support of her previous assertion that Defendant has actual knowledge of the lawsuit, Plaintiff has included a sworn affidavit from Reivell Bernardo, an employee of Plaintiff's counsel, attesting to her communication with Defendant. (Doc. 8-4.) Bernardo confirms that Defendant called Plaintiff's counsel, but her affidavit provides no facts suggesting that he knew about the lawsuit. (*Id.*) Bernardo attests that Defendant called after receiving a letter informing him that he needed to sign for a delivery in order to ask what the letter was regarding. (*Id.*) Bernardo told Defendant that she was unable to locate any matter associated with his name. (*Id.*) After the call, Bernardo confirmed that litigation had been initiated against Defendant but had no further communication with him. (*Id.*) Nowhere in her affidavit does Bernardo attest that Defendant knew about this lawsuit or

the contents of the letter he received, nor did she inform Defendant regarding either. (*Id.*) This sworn affidavit is insufficient to establish that Defendant has actual knowledge of this lawsuit.

Plaintiff's renewed Motion fails to cure the deficiencies the Court identified in the Court's prior Order. (Doc. 6.) Although Plaintiff filed a renewed Motion for Alternative Service by the Court's deadline, that Motion does not establish good cause for Plaintiff's failure to timely serve Defendant. Still, in lieu of dismissal, the Court will grant Plaintiff a final extension to effect service and file proof of service.

**IT IS THEREFORE ORDERED denying** Plaintiff's Motion for Alternative Service (Doc. 8).

**IT IS FURTHER ORDERED** that Plaintiff must file proof of service no later than **April 16, 2026**.

**IT IS FINALLY ORDERED** that if Plaintiff fails to file proof of service or show good cause by the above deadline, the Clerk of Court must dismiss this action without prejudice and without further notice on **April 17, 2026**.

Dated this 1st day of April, 2026.

Michael T. Liburdi
United States District Judge

- 3 -